WILLIAM H. MORSE *vs.* SCHOOL DISTRICT No. 7 IN NEWBURY.
JEREMIAH S. MORSE *vs.* SAME.

If a vote is passed at a school meeting to build a new school-house or enlarge the old one, and a building committee are chosen with instructions " to proceed forthwith to complete the work which is on their hands," the committee have power, at their election, either to build a new school-house or to enlarge the old one.

A lien exists under *St.* 1855, *c.* 431, for work done in enlarging a school-house under a written contract with a building committee chosen by the district, with authority to make the enlargement, although by the terms of the contract the committee were personally responsible therefor; and it is immaterial whether the acts of the committee were subsequently ratified by the district at a legal meeting.

PETITIONS for the enforcement of mechanics' liens under *St.* 1855, *c.* 431, for work done in enlarging a school-house. At the trial in the superior court, before *Putnam,* J., verdicts were returned for the petitioners, and the respondents alleged exceptions. The facts, which were the same in both cases, are stated in the opinion.

*D. Saunders, Jr.* for the petitioners.

*J. P. Jones,* for the respondents.

MERRICK, J. The objection taken at the trial, that the meeting held by the inhabitants of the school district, on the 8th of May 1858, was illegal, is waived by the defendants, who now concede, what is indeed very clearly shown by the record, that all the proceedings thereat were formally and substantially correct. At that meeting, the district voted to build a new school-house, or to enlarge their old one. And at the same time, O. W. Morrill and others were chosen a building committee, and were instructed in and by a formal vote, which was then adopted, " to proceed forthwith to complete the work which is on their hands." It is an inevitable implication from these two votes that the election of the alternative, whether to build a new, o enlarge the old, school-house, was left to the determination of the committee.

In pursuance of this authority, the persons so chosen to be a building committee determined that the old school-house should

be enlarged by the addition thereto of a second story; and they immediately afterwards entered into a written contract with E. P. Davis, who agreed for a stipulated compensation to build and finish that addition. In the course of the fulfilment of his agreement, and in completing the work to be done upon the building, Davis employed the petitioners, who each actually performed the labor which is charged in his individual account.

This brings the case of the petitioners directly and exactly within the provisions of *St.* 1855, *c.* 431, § 1. That is, they did in fact actually perform labor in erecting and altering a structure upon real estate by virtue of an agreement with a person having authority from the owner to procure the work to be done for him thereon. The building committee of the district were left wholly unrestricted as to the manner in which they should proceed in executing and completing the work, which they were instructed to cause to be performed without delay. They had therefore a right to employ Davis to do it; and it is wholly immaterial whether, in their contract with him, they came under a personal obligation for the compensation to be paid to him, or imposed a direct liability therefor upon the party for whom the work was to be done, and who was to continue to be the owner of the building when the proposed enlargement of it should be completed. The work having been ordered and directed by the district in the improvement of its own property, and being done under a lawful contract made for that purpose, was necessarily done with its consent and under its authority. As soon therefore as Davis had entered into an agreement with the committee for that purpose, he was authorized by the district, as the owner of the land on which the building stood, to proceed in the construction of the proposed addition to the school-house, and for that purpose to employ such persons to render the service thereon as might be requisite and necessary to complete it. The provisions of the statute upon this subject were fully considered in the case of *Parker* v. *Bell,* 7 Gray, 429. There the owner of the land contracted with certain persons, who were carpenters and builders, to erect a

dwelling-house upon the described premises; and they, in the performance of their contract, employed Parker and Lamb, who were plasterers and stucco-workers, to do the work in the line of their trade which was required in the finishing of the building; and it was held that under the statute they must be considered to have been employed by the authority of the owner of the land, and to be entitled to a lien upon it. It is impossible to find any distinction between the facts in that and those in the present case which should lead to any different decision. Under the express authority given to the building committee, Davis was employed to enlarge and alter the school-house by the addition of a second story thereto, for and on account of the district, the inhabitants of which were responsible either directly to him for his compensation, or to reimburse the committee by whom it should be paid. The petitioners therefore stood to Davis, and to the defendants as owners of the land, in exactly the same relation as that which existed between the parties to the suit in the case above cited of *Parker* v. *Bell.* They are therefore entitled to a lien upon the land and building for the amount of their wages for the labor by them respectively performed upon it; and to a judgment and decree for enforcing it.

It is obvious from the views thus taken that the other exceptions of the defendants should be overruled, because they all relate to matters which are wholly immaterial in the determination of the rights of the parties. Upon what, after the waiver of all objection to the validity of the district meeting on the 8th of May 1858, and the proceedings which took place there, must be considered the admitted facts, it is certain that the petitioners can recover and are entitled to judgment. And this result could not be changed, whatever had been the ruling or instructions of the court in relation to the questions which arose upon other matters at the trial. It is of no consequence, as has already been shown, whether the contract of Davis was with the committee individually, as the defendants contend, or directly with them. And it is equally unimportant to consider whether the record of the district meeting held subsequently to the said

8th of May, at which the contract was confirmed and ratified, should upon objection have been excluded upon the ground that it was not legally warned, for an introduction of the record could, under the circumstances disclosed, have had no effect whatever upon the decision of the case or the rights of the parties.

*Exceptions overruled*